IN RE: SUPERVALU, INC., CUSTOM-
ER DATA SECURITY BREACH
LITIGATION.

MDL No. 2586.

United States Judicial Panel on
Multidistrict Litigation.

Dec. 16, 2014.

Before SARAH S. VANCE, Chair,
MARJORIE O. RENDELL, LEWIS A.
KAPLAN, ELLEN SEGAL HUVELLE,
R. DAVID PROCTOR, and CATHERINE
D. PERRY, Judges of the Panel.

**TRANSFER ORDER**

SARAH S. VANCE, Chair.

**Before the Panel:** * Defendant Super-
valu, Inc. (Supervalu) moves under 28
U.S.C. § 1407 to centralize pretrial pro-
ceedings in this litigation in the District of
Idaho. This litigation currently consists of
two actions—one in the Southern District
of Illinois and one in the District of Minne-
sota—as listed on Schedule A.[1] These ac-
tions arise from an alleged data security
breach suffered in mid–2014 by Supervalu,
a grocery wholesaler that owns, licenses,
franchises, or is otherwise affiliated with
more than a thousand grocery retailers
across the United States. Plaintiffs allege
that this data security breach compro-
mised the personal financial information of
customers who used debit or credit cards
to make purchases at a number of those
stores between June 22 and July 17, 2014.[2]

Plaintiffs in the action and potential tag-
along action pending in the District of
Minnesota support centralization, but pro-
pose that the litigation be centralized in
either the District of Idaho or the District
of Minnesota. Plaintiffs in the action
pending in the Southern District of Illinois
oppose centralization. Alternatively, they
suggest that we select either the Southern
District of Illinois, the Eastern District of
Missouri, or the District of Minnesota as
the transferee district. AB Acquisition
LLC, a holding company for more than

---

* Judge Charles R. Breyer took no part in the
decision of this matter. Certain Panel mem-
bers who could be members of the putative
classes in this litigation have renounced their
participation in these classes and have partic-
ipated in this decision.

1. The Panel has been notified of two related
actions pending in the District of Idaho and
the District Minnesota. These and any other
related actions are potential tag-along ac-
tions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

2. Plaintiff in the recently-noticed related ac-
tion pending in the District of Idaho also
alleges that a second data security breach of
Supervalu's payment processing systems oc-
curred in August and September of 2014.
Plaintiff contends that this second data
breach is related to the initial data breach at
issue in all the actions.

one thousand grocery stores that allegedly were affected by Supervalu data breach[3] and a co-defendant in the two potential tag-along actions, supports centralization in the District of Idaho.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization in the District of Minnesota will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising from a data security breach affecting certain stores owned, licensed, franchised, or otherwise affiliated with Supervalu between June 22 and July 17, 2014. All of the actions involve allegations that customers' personal financial information was compromised as a result of this data security breach. Although the opposing plaintiffs argue that given the minimal number of actions, alternatives exist that render centralization unnecessary, we are not persuaded. These actions involve overlapping putative classes of consumers, and the discovery may be quite technical and contentious. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, particularly with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

We find that the District of Minnesota is the most appropriate transferee district for pretrial proceedings in this litigation. Supervalu's corporate headquarters is located within the district, and therefore relevant documents and witnesses are likely to be located there. As many of the plaintiffs also are located in the Midwest, the district is both convenient and accessible for the majority of the parties. Centrali-

zation in this district also provides us the opportunity to assign this litigation to the Honorable Ann D. Montgomery, an experienced jurist who will no doubt ably preside over this litigation.

IT IS THEREFORE ORDERED that the action listed on Schedule A and pending outside the District of Minnesota is transferred to the District of Minnesota and, with the consent of that court, assigned to the Honorable Ann D. Montgomery for coordinated or consolidated pretrial proceedings.

## SCHEDULE A

MDL No. 2586 — **IN RE: SUPERVALU, INC., CUSTOMER DATA SECURITY BREACH LITIGATION**

*Southern District of Illinois*
*MCPEAK, ET AL. v. SUPERVALU, INC.,* C.A. No. 3:14-00899

*District of Minnesota*
*HANFF, ET AL. v. SUPERVALU INC.,* C.A. No. 0:14-03252

---

**3.** It is alleged that Supervalu provided payment processing services for the stores owned

by AB Acquisition LLC.